168 So. 899

## HAWKINS v. STATE.
### 7 Div. 146.

Court of Appeals of Alabama.
Feb. 11, 1936.

Rehearing Denied May 12, 1936.

Motley & Motley, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

Appellant and one Potts were, it appears, separately indicted, but jointly tried, for the possession and operation of a still for making whisky. We see nothing in the record before us that really calls for discussion.

The case is one of the simplest, in its legal aspects. The issue—we believe the sole issue—was one of fact, for the jury.

Appellant's distinguished counsel, appearing here, though they say they did not appear in the court below, make this observation in their brief: "The evidence for the State only showed that *these parties were working at the still,* and there is no testimony showing that they claimed the still or that they owned the land on which the still was located \* \* \*; it would be the same to hold that the workers in a cotton mill, steel plant or other manufacturing concern were in the possession of the plant and the machinery simply because they were working there." (Italics ours.)

Well, we do not need to inquire as to whether or not the "illustration" given by the astute counsel is apt; but it is enough to say that it is now too well established to require the citation of authority for the statement, that the fact (if it was a fact, and the jury so found) that appellant was "working at the still" was all that was requisite in order for the jury to infer that he was in *possession* of it.

We find nowhere any prejudicially erroneous ruling or action of the court apparent for our consideration; and the judgment of conviction is affirmed.

Affirmed.